**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-5233

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DENNIS M. MILLS,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke. James C. Turk, Senior District Judge. (CR-04-136)

Submitted: April 4, 2007      Decided: April 17, 2007

Before WILKINS, Chief Judge, and GREGORY and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Anthony F. Anderson, Melissa W. Friedman, Roanoke, Virginia, for Appellant. John L. Brownlee, United States Attorney, C. Patrick Hogeboom, III, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dennis M. Mills appeals the sentence imposed by the district court following Mills' plea of guilty to knowingly receiving child pornography that had been shipped in interstate commerce, see 18 U.S.C.A. § 2252A(a)(2)(A) (West Supp. 2006). Finding no error, we affirm.

I.

In 2003, the Bureau of Immigration and Customs Enforcement, in coordination with federal, state, and local law enforcement officials, engaged in "Operation Falcon," an investigation intended to identify and arrest individuals producing, acquiring, and distributing child pornography over the Internet. During the course of the investigation, Mills was identified as a customer of a business that engaged in the distribution of child pornography.

Mills was sent an advertisement purporting to be from "4-Reel Videos," a fictitious company. In response to the advertisement, Mills indicated that he was interested in purchasing films containing images of "pre-teen boys and young teen boys." J.A. 191 (internal quotation marks omitted). Mills was then mailed a catalogue that contained explicit descriptions of such films, including the participants' ages and an explicit statement that the videos contained actual children, not adults portraying children. Mills ordered two videos and was arrested after a controlled delivery of the items to his home.

At the time of his federal conviction, Mills had previously been convicted under state law of sexual offenses involving minors: (1) In January 1985, Mills pleaded guilty to three counts of aggravated sexual battery, see Va. Code Ann. § 18.2-67.3 (LexisNexis Supp. 2006); (2) in February 1985, Mills pleaded guilty to two counts of aggravated sexual battery, see id.; and (3) in August 1990, Mills pleaded guilty to yet another count of aggravated sexual battery, see id. Based on these convictions, the district court at sentencing determined that Mills was subject to 18 U.S.C.A. § 2252A(b)(1) (West Supp. 2006), which requires a statutory minimum sentence of 15 years when the defendant "has a prior conviction ... under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor." Accordingly, the court imposed a sentence of 180 months imprisonment.

## II.

Mills argues that the imposition of the 15-year minimum sentence was error because (1) his prior convictions were not for "sexual abuse" as defined by federal law, and (2) the convictions are too remote in time to be considered for sentencing purposes. Both of these are legal contentions subject to de novo review. See United States v. Hecht, 470 F.3d 177, 179 (4th Cir. 2006).

3

A.

Mills first contends that the district court erred in considering his prior convictions as predicate convictions for purposes of applying § 2252A(b)(1).  Relying on <u>Shepard v. United States</u>, 544 U.S. 13 (2005), Mills maintains that the district court was precluded from considering anything other than the statutory elements of the state offenses.  <u>See</u> <u>Shepard</u>, 544 U.S. at 26 (holding that in determining whether the defendant has a prior conviction for "burglary" under the Armed Career Criminal Act, the federal court may look only to "the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information"); <u>see also</u> <u>Taylor v. United States</u>, 495 U.S. 575, 602 (1990) (holding that in determining whether a prior conviction is  a "violent felony," a court generally must "look only to the fact of conviction and the statutory definition of the prior offense").  According to Mills, because the federal statutory definition of "sexual abuse" is not congruent with the Virginia statutory definition of that term, his prior state convictions cannot be considered in determining whether to apply the mandatory minimum.

We reject Mills' reasoning.  Section 2252A(b)(1) provides for application of the mandatory minimum if the defendant has

4

previously been convicted of any state law crime "<u>relating to</u> aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor."  18 U.S.C.A. § 2252A(b)(1) (emphasis added). This language is notably broader than that of the Armed Career Criminal Act (ACCA), at issue in <u>Shepard</u> and <u>Taylor</u>, which provides for a sentencing enhancement only if the defendant is convicted of a felony that "<u>has as an element</u> the use ... of physical force" or "<u>is</u> burglary, arson, or extortion, <u>involves</u> the use of explosives, or otherwise <u>involves</u> conduct that presents a serious potential risk of physical injury to another."  18 U.S.C.A. § 924(e)(2)(B) (West 2000) (emphasis added).  Whereas the plain language of the ACCA requires a narrow inquiry, the plain language of § 2252A(b)(1) clearly permits a broader inquiry--and, contrary to Mills' assertion, not one tied to federal law definitions--into whether a prior offense "relates to" sexual abuse of a minor.  <u>See</u> <u>United States v. McCutchen</u>, 419 F.3d 1122, 1126-27 (10th Cir. 2005) (reaching this conclusion with respect to identical language of 18 U.S.C.A. § 2252(b)(2) (West Supp. 2006)); <u>accord</u> <u>Morales v. Trans World Airlines, Inc.</u>, 504 U.S. 374, 383-84 (1992) (noting that the ordinary meaning of the phrase "relating to" "is a broad one").  We therefore conclude that <u>Shepard</u> and <u>Taylor</u> did not preclude the ruling of the district court that Mills had a predicate conviction for purposes of § 2252A(b)(1).

B.

Mills next contends that the district court should not have considered his prior convictions because each of them is more than ten years old.  Although Mills concedes that the statutory language says nothing about the age of prior convictions, he urges us to "look to other sources"--specifically, the United States Sentencing Guidelines--"for guidance."  Br. of Appellant Dennis M. Mills, at 13.  We decline Mills' invitation.  Because the statutory language is plain, and contains no limitation on the age of the predicate conviction, the district court did not err in this respect.  See Coleman v. Cmty. Trust Bank (In re Coleman), 426 F.3d 719, 725 (4th Cir. 2005) (stating that if the statutory language is plain, "the sole function of the court is to enforce the statute according to its terms" (internal quotation marks & alteration omitted)).

III.

For the reasons set forth above, we affirm Mills' sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and oral argument would not aid the decisional process.

AFFIRMED