<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4039**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

GARY RANDALL GILBERT,

        Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Bluefield. Irene C. Berger, District Judge. (1:09-cr-00069-1)

Argued: March 22, 2011        Decided: April 28, 2011

Before TRAXLER, Chief Judge, and MOTZ and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion. Judge Agee wrote a separate opinion concurring in part and concurring in the judgment.

**ARGUED:** Jonathan D. Byrne, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, West Virginia, for Appellant. Erik S. Goes, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee. **ON BRIEF:** Mary Lou Newberger, Federal Public Defender, David R. Bungard, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, West Virginia, for Appellant. Charles T. Miller, United States Attorney, Karen B. Schommer, Assistant United States Attorney,

OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gary Randall Gilbert pled guilty to knowingly possessing child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(b). The district court concluded that Gilbert's prior conviction under North Carolina law for taking indecent liberties with children triggered the sentencing enhancement in § 2252A(b)(2) and sentenced him to 121 months' imprisonment and a lifetime term of supervised release. Gilbert appeals, contending that the district court erred in applying the enhancement and imposed an unreasonable sentence. We affirm.

I.

In June 2008, a North Carolina probation officer found child pornography on Gilbert's computer during a surprise visit to his home. A forensic examination of Gilbert's computer revealed 159 still images and 8 videos of child pornography. Among those images were depictions of children under the age of twelve engaged in sadistic conduct and other violent acts. Gilbert admitted to using his computer and a peer-to-peer file sharing program to download images and videos from the Internet. At the time this child pornography was discovered, Gilbert was on probation for his 2007 North Carolina felony convictions for second degree kidnapping and taking indecent liberties with

3

children.  Under the terms of his probation, Gilbert was not permitted to possess a computer or have access to the Internet.

On March 18, 2009, a federal grand jury returned a one-count indictment charging Gilbert with knowingly possessing child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). On August 4, 2009, Gilbert pled guilty to the indictment without the benefit of a plea agreement.  At the plea hearing, the probation officer who found the child pornography testified that Gilbert's North Carolina offenses involved "sexual contact" with "a six-year-old child."  Gilbert did not contest this point.

Gilbert's presentence report ("PSR") calculated his total offense level as 30 with a criminal history category of III, which carried an advisory Guidelines range of 121 to 151 months' imprisonment.  Gilbert's conviction also carried a statutory mandatory term of supervised release, ranging from five years to life.  Gilbert did not object to the calculations.

At sentencing, the district court adopted the Guidelines calculation contained in the PSR.  The court further found that based on Gilbert's North Carolina conviction for taking indecent liberties with children he was subject to 18 U.S.C. § 2252A(b)(2), which requires a mandatory minimum sentence of ten years when the defendant "has a prior conviction . . . under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or

ward." Ultimately, the district court sentenced Gilbert to 121 months' imprisonment, to be followed by a lifetime term of supervised release.

Gilbert timely noted this appeal challenging the district court's imposition of the statutory enhancement and his sentence, particularly the lifetime term of supervised release.

II.

Gilbert contends that the district court erred in finding that his North Carolina conviction for indecent liberties with children triggered the sentencing enhancement in 18 U.S.C. § 2252A(b)(2). We review his claim of error de novo. See United States v. Layton, 564 F.3d 330, 334 (4th Cir. 2009).

A defendant convicted of possessing child pornography faces an increased statutory sentencing range under 18 U.S.C. § 2252A(b)(2) if

> such person has a prior conviction under this chapter, chapter 71, chapter 109A, or chapter 117, or under section 920 of title 10 (article 120 of the Uniform Code of Military Justice), or under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography . . . .

The district court applied a categorical approach in determining that North Carolina's indecent liberties statute constituted such an offense.

5

Under a categorical approach, courts analyze offenses "generically -- that is, by relying solely on [their] essential elements, rather than on the particular underlying facts." United States v. White, 571 F.3d 365, 368 (4th Cir. 2009); see James v. United States, 550 U.S. 192, 208 (2007); Taylor v. United States, 495 U.S. 575, 600 (1990) (explaining categorical approach requires "looking only to the fact of conviction and the statutory definition of the predicate offense, rather than to the particular underlying facts"). Under this approach, Gilbert argues that the district court erred in concluding that the North Carolina statute at issue triggered the enhancement in § 2252A(b)(2).

The Government makes two arguments in this regard. First, the Government contends that this court need not apply the categorical approach because the language of § 2252A(b)(2) "clearly permits a broader inquiry . . . into whether a prior offense 'relates to' sexual abuse of a minor." Appellant's Br. at 13 (quoting United States v. Mills, 224 F. App'x 232, 234-35 (4th Cir. 2007); see also United States v. McCutchen, 419 F.3d 1122, 1126-27 (10th Cir. 2005) (noting that "Taylor did not impose the categorical approach as a universal requirement of all sentencing enhancements" and concluding that the phrase "relating to" "indicates [Congress's] intent to allow a sentencing court to look beyond the mere elements of a prior

6

state conviction in determining whether such conviction is sufficient to trigger application" of the identical sentencing enhancement in 18 U.S.C. § 2252(b)(2)).  According to the Government, then, we can look beyond the elements of North Carolina's indecent liberties statute to Gilbert's underlying conduct to assess whether the sentencing enhancement applies.

The Government also argues that even under a categorical approach -- looking only to the elements of the state statute -- North Carolina's indecent liberties with children offense triggers the enhancement in § 2252A(b)(2).  Because we ultimately agree with this argument, we will assume, without deciding, that the categorical approach applies.

The state law at issue here provides:

> A person is guilty of taking indecent liberties with children if, being 16 years of age or more and at least five years older than the child in question, he either:
> (1) Willfully takes or attempts to take any immoral, improper, or indecent liberties with any child of either sex under the age of 16 years for the purpose of arousing or gratifying sexual desire; or
> (2) Willfully commits or attempts to commit any lewd or lascivious act upon or with the body or any part or member of the body of any child of either sex under the age of 16 years.

N.C. Gen. Stat. § 14-202.1.

The gravamen of Gilbert's argument is that because one can offend the indecent liberties statute without making physical contact with a minor, the statute does not categorically

7

"relat[e] to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor."  See, e.g., State v. Every, 578 S.E.2d 642, 648-49 (N.C.App. 2003) (affirming conviction when "defendant repeatedly engaged the victim in extremely graphic and explicit [telephone] conversations that were sexual in nature"); State v. McClees, 424 S.E.2d 687 (N.C.App. 1993) (affirming conviction of high school principal who secretly videotaped a female student undressing).  According to Gilbert, the enumerated offenses of § 2252A(b)(2) necessarily involve "some type of harmful physical contact."  Appellant's Br. at 14. We disagree.[*]

Turning first to the text of the statutory provision, § 2252A(b)(2) does not expressly require that predicate state laws criminalize only sexually-based physical contact.  Nor does chapter 110 generally define "sexual abuse" or "abusive sexual conduct" to require physical contact.  In fact, the chapter does not define these terms at all.

---

[*] Gilbert relies on Begay v. United States, 553 U.S. 137, 143-45 (2008), in which the Supreme Court concluded that to trigger the sentencing enhancement in a different statute, the Armed Career Criminal Act, a state offense must be "roughly similar, in kind as well as in degree of risk posed," to that federal statute's enumerated offenses.  Even assuming Begay applies in this context, Gilbert's argument rests on his contention that the enumerated offenses of § 2252A(b)(2) criminalize only "harmful physical contact," a contention we reject.

8

Chapter 109A does define similar federal offenses to require physical contact. See 18 U.S.C. § 2241 (aggravated sexual abuse); § 2242 (sexual abuse); § 2243 (sexual abuse of a minor or ward); § 2244 (abusive sexual contact). Critically, however, § 2252A(b)(2) does not instruct us to apply these federal definitions. Congress certainly could have done so and has done so in other provisions. See, e.g., 18 U.S.C. § 2241(c) (providing for a life sentence when the defendant "has previously been convicted of . . . a state offense that would have been [a federal] offense"); id. § 3559(e)(2)(B) (defining "State sex offense" as an offense that "consists of conduct that would be a Federal sex offense"). Moreover, § 2252A(b)(2) enumerates "abusive sexual conduct involving a minor" (emphasis added), which is not defined in chapter 109A. Compare § 2244 (criminalizing abusive sexual contact). Accordingly, we find "no indication that Congress intended to import the definitions of chapter 109A to chapter 110." United States v. Sonnenberg, 556 F.3d 667, 670 (8th Cir. 2009); see also United States v. Sinerius, 504 F.3d 737, 742-44 (9th Cir. 2007); United States v. Hubbard, 480 F.3d 341, 347-48 (5th Cir. 2007); but see United States v. Osborne, 551 F.3d 718, 720-21 (7th Cir. 2009).

Moreover, § 2252A(b)(2) encompasses prior convictions under federal law that by definition do not require physical contact. For example, the Uniform Code of Military Justice criminalizes

9

indecent liberty with a child and defines "indecent liberty" as "indecent conduct, but physical contact is not required." 10 U.S.C. § 920(j), (t)(11). Like the Fifth Circuit, "[w]e discern no intent on the part of Congress to impose such a limitation with regard to prior convictions under state law." Hubbard, 480 F.3d at 347. Indeed, Congress expressly included within § 2252A(b)(2) prior convictions under state law relating to the possession of child pornography, which does not involve physical contact.

Because Congress has not defined the terms at issue, "we interpret [them] by employing the common meaning of the words." United States v. Diaz-Ibarra, 522 F.3d 343, 348 (4th Cir. 2008). See also Sonnenberg, 556 F.3d at 671 (giving the identical terms in § 2252(b)(1) their "ordinary, contemporary, common meaning"); Sinerius, 504 F.3d at 743 (noting "Congress's intent to define 'sexual abuse' as a generic offense, understood by its ordinary and common meaning"). In Diaz-Ibarra, we defined the term "sexual abuse of a minor" found in the Sentencing Guidelines to mean "the 'perpetrator's physical or nonphysical misuse or maltreatment of a minor for a purpose associated with sexual gratification.'" 522 F.3d at 352 (quoting United States v. Padilla-Reyes, 247 F.3d 1158, 1163 (11th Cir. 2001) (emphasis added)). See also Sonnenberg, 556 F.3d at 671 (adopting

10

identical definition). We find that definition instructive here.

Accordingly, we assess whether North Carolina's offense of taking indecent liberties with children is an offense "relating to" the "physical or nonphysical misuse or maltreatment of a minor for a purpose associated with sexual gratification." In doing so, we are mindful that "Congress chose the words 'relating to' for a purpose." United States v. Weis, 487 F.3d 1148, 1152 (8th Cir. 2007) (internal quotation omitted). "The phrase 'relating to' carries a broad ordinary meaning, i.e., to stand in some relation; to have bearing or concern; to pertain; refer; to bring into association with or connection with." Id. (quoting Morales v. Trans World Airlines Inc., 504 U.S. 374, 383 (1992) (internal quotation marks omitted)).

In light of the broad scope of § 2252A(b)(2) and our holding in Diaz-Ibarra that abuse need not involve physical contact, we have little difficulty concluding that Gilbert's prior conviction triggers the enhancement. Under the terms of North Carolina's statute, a perpetrator must be at least five years older than the victim, who must be under 16 years of age. Cf. Osborne, 551 F.3d at 719-20 (concluding state statute that lacked four-year age difference did not trigger identical enhancement in § 2252(b)(1)). The perpetrator must engage in some "immoral, improper, or indecent liberties" with the minor

11

"for the purpose of arousing or gratifying sexual desire."  In our view, such conduct "relat[es] to" the "nonphysical misuse or maltreatment of a minor for a purpose associated with sexual gratification."  Diaz-Ibarra, 522 F.3d at 352.  Accordingly, we hold that North Carolina's indecent liberties with children offense triggers the sentencing enhancement in § 2252A(b)(2). See Sonnenberg, 556 F.3d at 671 (holding prior conviction under Iowa's lascivious acts with children offense, which required either physical or nonphysical misuse or maltreatment of a minor with the intent to seek libidinal gratification, triggered the enhancement); Hubbard, 480 F.3d at 350-51 (holding that the defendant's prior state conviction for lewd or indecent proposals to a child under 16 years of age triggered the identically-worded enhancement in § 2252A(b)(1)).


                                III.

    Gilbert next contends that his sentence is unreasonable. We apply a deferential abuse-of-discretion standard to determine the reasonableness of Gilbert's sentence, looking first to whether the district court committed any procedural error in fashioning the sentence.  Layton, 564 F.3d at 335.  "A district court commits a procedural error if it fails to properly calculate the Guidelines, treats the Guidelines as mandatory, fails to consider the statutory factors under 18 U.S.C.

                                12

§ 3553(a), bases a sentence on facts that are clearly erroneous, or fails to adequately explain the sentence imposed." Id. at 335-36 (citing Gall v. United States, 552 U.S. 38, 51 (2007)). In the absence of any significant procedural error, "we then examine the sentence for substantive reasonableness in light of all relevant facts." Id. at 336 (internal quotation omitted).

Gilbert argues that the district court failed to adequately explain its rationale for imposing the 121-month term of imprisonment, the very bottom of the Guidelines range, because the court failed to address Gilbert's lengthy argument for a downward variance. Gilbert acknowledges, however, that this argument rests on the conclusion that the district court erred in applying the enhancement in § 2252A(b)(2), which set a mandatory minimum sentence of 120 months. In light of our holding that the district court did not so err, and thus could not have sentenced Gilbert to a term of imprisonment shorter than 120 months, Gilbert's argument must fail.

Moreover, the district court provided an adequate "individualized assessment" of Gilbert's within-Guidelines sentence to "permit meaningful appellate review." United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009). The district court considered Gilbert's prior criminal history of "deviant conduct involving children," the nature and circumstances of the current offense, Gilbert's need for treatment and monitoring,

13

and the need to avoid sentencing disparities.  See JA 257-58; 18 U.S.C. § 3553(a).

Having found that the district court committed no significant procedural error, we address Gilbert's claim that the lifetime term of supervised release is substantively unreasonable in that "it is greater than necessary to comply with the purposes of sentencing."  Appellant's Br. at 20.  He asserts that possessing child pornography is one of the "lesser offenses for which a lifetime term of supervised release can be imposed."  Id.  Gilbert does not dispute, however, that his crime made him eligible for the lifetime term.  See 18 U.S.C. § 3583(k) ("[T]he authorized term of supervised release for any offense under section . . . 2252A . . . is any term of years not less than 5, or life.").  Nor does he dispute that the Guidelines recommend "the statutory maximum term of supervised release," when "the instant offense of conviction is a sex offense."  U.S.S.G. § 5D1.2 (policy statement).

In accordance with 18 U.S.C. § 3583(c), the district court considered relevant sentencing factors in fashioning the term of supervised release.  See JA 258-59.  The court considered the nature of the offense and history and characteristics of the defendant, citing Gilbert's prior conviction for a sexually-based crime involving a minor and that Gilbert was on probation for that offense when he committed the present offense.

14

Further, the court considered that Gilbert downloaded a significant number of images in a short period of time using a peer-to-peer file sharing program. See 18 U.S.C. § 3553(a)(1). The court also found that the lifetime term was necessary to reduce the likelihood that Gilbert would reoffend and to protect the public, particularly children, from further crimes. See id. § 3553(a)(2)(B),(C). Lastly, the district court determined that the lifetime term would provide an opportunity for Gilbert to receive long-term treatment and monitoring of that treatment. See id. § 3553(a)(2)(D).

In light of the deferential abuse-of-discretion standard of review, we cannot conclude that the supervised release term was "substantively unreasonable in light of all the relevant facts." Layton, 564 F.3d at 337.

## IV.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.

AGEE, Circuit Judge, concurring in part and concurring in the judgment:

I join in Parts I and III of the majority opinion, which rejects Gilbert's argument that his sentence was unreasonable, and concur in the judgment. I also agree with the majority's conclusion in Part II that Gilbert's sentence was properly enhanced under 18 U.S.C. § 2252A(b)(2) based on his prior North Carolina conviction for indecent liberties with a child. However, I write separately because I would neither assume nor decide that the categorical approach should be used to reach that conclusion. (Majority Op. at 7 (assuming without deciding categorical approach applies).) Instead, for the reasons set forth herein, I would follow the Tenth Circuit's decision in United States v. McCutchen, 419 F.3d 1122 (10th Cir. 2005), and this Court's unpublished decision in United States v. Mills, 224 F. App'x 232 (4th Cir. 2007), which concluded that an elements-based categorical approach was unnecessary given the breadth of provisions identical to 18 U.S.C. § 2252A(b)(2).

The categorical approach, set forth in Taylor v. United States, 495 U.S. 575 (1990), was applied to 18 U.S.C. § 924(e), the Armed Career Criminal Act ("ACCA"). See United States v. Dean, 604 F.3d 169, 175 (4th Cir. 2010) (explaining that the categorical approach was "[o]riginally developed in the context of [the ACCA]" and "has been extended to the career offender

16

provisions under the [United States Sentencing] Guidelines"). As the McCutchen court explained, Taylor determined, based on the specific language and background of § 924(e), that the word "burglary" as used therein was meant by Congress in the "generic sense in which the term is now used in the criminal codes of most States." 419 F.3d at 1126 (quoting Taylor, 495 U.S. at 598). Thus,

> a person has been convicted of burglary for purposes of a § 924(e) enhancement if he is convicted of any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime.

Taylor, 495 U.S. at 599. And, as we noted in Mills, § 924(e) requires by its plain terms an elements of the crime analysis:

> The [ACCA] provides for a sentencing enhancement only if the defendant is convicted of a felony that "**has as an element** the use . . . of physical force" or "is burglary, arson, or extortion, **involves** the use of explosives or otherwise **involves** conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B).

Mills, 224 F. App'x at 234 (emphases in original).

Accordingly, the language of § 924(e), as interpreted in Taylor, dictates that courts examine the "essential elements" of a defendant's previous crime, in order to determine whether it is a predicate offense for ACCA purposes. See United States v. White, 571 F.3d 365, 368 (4th Cir. 2009) (under a categorical approach, "the offense is analyzed generically—that is, by

17

relying solely on its essential elements, rather than on the particular underlying facts"); <u>James v. United States</u>, 550 U.S. 192, 208 (2007) (in addressing the residual clause of § 924(e), "the proper inquiry is whether the conduct encompassed by the elements of the offense, in the ordinary case, presents a serious potential risk of injury to another").

In contrast to § 924(e), the language in the enhancement statute at issue here, 18 U.S.C. § 2252A(b)(2), is completely different. <u>McCutchen</u> examined an identically-worded provision found in § 2252(b)(2). As the <u>McCutchen</u> court explained, unlike § 924(e), which was triggered by a felony that "is burglary,"

> § 2252(b)(2) does not state that a prior state crime will trigger the sentence enhancement provisions if it "*is*" aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor. Rather, § 2252(b)(2) states that "a prior conviction . . . under the laws of any State *relating to* aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward" will trigger the sentence enhancement provisions. 18 U.S.C. § 2252(b)(2) (emphasis added). As the Supreme Court has indicated, the phrase "relating to" carries a "broad" "ordinary meaning," i.e., "to stand in some relation to; to have bearing or concern; to pertain; refer; to bring into association with or connection with, . . . .'" <u>Morales v. Trans World Airlines</u>, 504 U.S. 374, 383 (1992) (quoting Black's Law Dictionary 1158 (5th ed. 1979)).

419 F.3d at 1126-27 (emphases in original); <u>see also United States v. Rezin</u>, 322 F.3d 443, 448 (7th Cir. 2003) ("[t]here is no mention of elements in section 2252(b)(2)"). Thus, the <u>McCutchen</u> court concluded that the categorical approach was

18

inapplicable and that defendant's prior conviction for sexual battery fell within the scope of the enhancement provision. 419 F.3d at 1127.

McCutchen was also cited with approval and followed by our unpublished decision in Mills. While Mills is not binding authority, I find its reasoning persuasive. In Mills, this court determined that a Virginia conviction for "aggravated sexual battery" was a proper predicate offense under § 2252A(b)(1). 224 F. App'x at 234. The Mills court noted first that the language in the enhancement provision was "notably broader" than that of the ACCA, and that the enhancement provision "clearly permits a broader inquiry" — not "tied to federal law definitions—into whether a prior offense 'relates to' sexual abuse of a minor." Id. at 235. It thus concluded that the categorical approach was inapplicable and that the district court was not limited to considering only "the statutory elements of the state offenses." Id. at 234-35.

I would follow the same approach as McCutchen and Mills in this case. In short, Gilbert's offense of indecent liberties with a child[1] is one that clearly falls within the language of the enhancement provision, for it is "a prior conviction . . .

---

[1] See Majority Op. at 7-8 (describing statutory language); see id. at 4 (noting Gilbert did not contest that his offense involved "sexual contact" with "a six-year-old child").

19

under the laws of any State <u>relating to</u> . . . abusive sexual conduct involving a minor . . . ." 18 U.S.C. § 2252A(b)(2) (emphasis added). I would apply this plain language to conclude that sentencing courts tasked with deciding whether a North Carolina conviction for indecent liberties with a child is a proper predicate offense under § 2252A(b)(2) may examine the facts of a defendant's conviction, without requiring an analysis limited to the elements of that offense.[2] <u>See</u> <u>McCutchen</u>, <u>supra</u>; <u>Mills</u>, <u>supra</u>; <u>see also</u> <u>United States v. Becker</u>, 625 F.3d 1309, 1311 & n.1 (10th Cir. 2010) (following <u>McCutchen</u> based on the broad "relating to" language in the enhancement provision), <u>petition for cert. filed</u>, (U.S. Mar. 1, 2011) (No. 10-9229); <u>United States v. Hubbard</u>, 480 F.3d 341, 348-350 (5th Cir. 2007) (rejecting an elements-based approach and relying on the broad "relating to" language); <u>United States v. Rezin</u>, 322 F.3d 443, 448-49 (7th Cir. 2003) (same). <u>But see, e.g.</u>, <u>United States v.</u>

---

[2] I also agree with the majority that <u>Begay v. United States</u>, 553 U.S. 137 (2008) has no impact on the instant case (Majority Op. at 8 n.*), although for different reasons. <u>Begay</u>, like <u>Taylor</u>, was an ACCA case. 553 U.S. at 139. <u>Begay</u> was specifically concerned with the so-called residual clause of § 924(e)(2)(B), and held that a prior conviction is a proper predicate conviction only when it is "roughly similar, in kind as well as in degree of risk posed" to the enumerated offenses. <u>Id.</u> at 143. The language of that statute, however, is a differently-worded (and narrower) enhancement provision. <u>See</u> <u>id.</u> at 143-45. For the same reasons I find resort to the categorical approach unnecessary here, I do not find <u>Begay</u> to be applicable.

20

Sonnenberg, 556 F.3d 667, 670 (8th Cir. 2009) (applying categorical approach); United States v. McGrattan, 504 F.3d 608, 612 (6th Cir. 2007) (same); cf. United States v. Strickland, 601 F.3d 963, 967-68 (9th Cir.) (en banc) (applying the modified categorical approach), cert. denied, 131 S. Ct. 505 (2010).

For the foregoing reasons, I respectfully concur in the decision to affirm the judgment of the district court.