**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-4920

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

NICHOLAS OMAR TUCKER,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Anderson. G. Ross Anderson, Jr., District Judge. (CR-05-32)

Submitted: August 31, 2006    Decided: September 20, 2006

Before NIEMEYER and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

J. Bradley Bennett, SALVINI & BENNETT, LLC, Greenville, South Carolina, for Appellant. Jonathan Scott Gasser, Assistant United States Attorney, Columbia, South Carolina; Elizabeth Jean Howard, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Nicholas Omar Tucker pled guilty to being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2000). On appeal, Tucker's counsel filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal, but questioning whether the district court erred in determining Tucker was an armed career criminal. Tucker has filed a pro se supplemental brief. Finding no reversible error, we affirm.

In considering whether the district court properly designated Tucker as an armed career criminal, this court reviews the district court's legal determinations de novo and its factual findings for clear error. United States v. Wardrick, 350 F.3d 446, 451 (4th Cir. 2003). Counsel's argument on appeal that the district court erred in sentencing him as an armed career criminal based on facts not alleged in the indictment or found by a jury is foreclosed by our recent decision in United States v. Thompson, 421 F.3d 278 (4th Cir. 2005), cert. denied, 126 S. Ct. 1463 (2006), in which we held that sentencing courts may rely on prior convictions to invoke the enhancement provided by § 924(e)(1), even if the prior convictions were not charged in the indictment or found by a jury, so long as no facts extraneous to the fact of conviction need be decided. Id. at 282-83. We further found that whether the three requisite prior convictions were committed on separate

occasions, as the statute requires, was a fact inherent in the prior convictions, rather than extraneous to them, and could be determined by a judge based on appropriate judicial sources. Id. at 285-86.

Tucker does not dispute the fact of the prior convictions, but does argue that his two prior second-degree burglary convictions are related and should be treated as one offense. However, even assuming that Tucker's two prior burglary convictions are related and constitute one predicate offense, Tucker still has three predicate offenses that qualify him as an armed career criminal--convictions for assault and battery of a high and aggravated nature, failure to stop for a blue light, and the second-degree burglary conviction. We therefore conclude that no constitutional error occurred in applying the armed career criminal statute in this case.

We find Tucker's remaining pro se claims to be without merit. As required by Anders, we have examined the entire record and find no other meritorious issues for appeal. Therefore, finding no error, we affirm the judgment of the district court. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from

representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED