PUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

　　　　　*Plaintiff-Appellee,*

v.

NICHOLAS OMAR TUCKER,

　　　　　*Defendant-Appellant.*

No. 08-6964

UNITED STATES OF AMERICA,

　　　　　*Plaintiff-Appellee,*

v.

NICHOLAS OMAR TUCKER,

　　　　　*Defendant-Appellant.*

No. 08-7704

Appeals from the United States District Court
for the District of South Carolina, at Anderson.
G. Ross Anderson, Jr., Senior District Judge.
(8:08-cv-70023-GRA; 8:05-cr-00032-GRA-1)

Argued: March 23, 2010

Decided: April 30, 2010

Before NIEMEYER and SHEDD, Circuit Judges, and
James A. BEATY, Jr., Chief United States District Judge
for the Middle District of North Carolina,
sitting by designation.

Vacated and remanded by published opinion. Judge Shedd wrote the opinion, in which Judge Niemeyer and Judge Beaty joined.

---

**COUNSEL**

**ARGUED**: Dean Razavi, Third Year Law Student, UNIVERSITY OF VIRGINIA SCHOOL OF LAW, Appellate Litigation Clinic, Charlottesville, Virginia, for Appellant. William Jacob Watkins, Jr., OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee. **ON BRIEF:** Neal L. Walters, Ellen Valentine, Third Year Law Student, UNIVERSITY OF VIRGINIA SCHOOL OF LAW, Appellate Litigation Clinic, Charlottesville, Virginia, for Appellant. Kevin F. McDonald, Acting United States Attorney, Columbia, South Carolina, for Appellee.

---

**OPINION**

SHEDD, Circuit Judge:

Nicholas Omar Tucker, a federal inmate, filed a motion pursuant to 28 U.S.C. § 2255 alleging that his counsel provided ineffective assistance by (1) failing to object to the use of his misdemeanor assault and battery conviction as a predicate offense for purposes of designating him as an armed career criminal and (2) failing to appeal his sentence on that ground. The district court denied the motion on the basis that Tucker was not prejudiced by his counsel's performance. We granted a certificate of appealability ("COA") to consider Tucker's claim based on his counsel's failure to object.[1] For

---

[1]Although Tucker argues on appeal that his counsel also provided ineffective assistance by failing to appeal the use of his misdemeanor conviction as a predicate offense, we did not grant a COA on this issue.

the following reasons, we vacate the judgment and remand with instructions for the district court to grant the motion and resentence Tucker.

## I.

### A.

On appeal from the denial of a § 2255 motion, we review *de novo* the district court's legal conclusions. *United States v. Poindexter*, 492 F.3d 263, 267 (4th Cir. 2007). The question of whether trial counsel provided ineffective assistance is a mixed question of law and fact which we review *de novo*. *Smith v. Moore*, 137 F.3d 808, 817 (4th Cir. 1998).

To establish ineffective assistance of counsel, Tucker must show that his counsel's performance was both objectively unreasonable and prejudicial to his defense. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Tucker can satisfy the first prong by demonstrating that his counsel's performance fell below an objective standard of reasonableness under "prevailing professional norms." *Id.* at 688. He can satisfy the second prong by demonstrating that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

### B.

Tucker pled guilty to possessing a firearm and ammunition after being convicted of a felony, in violation of 18 U.S.C. § 922(g). The Armed Career Criminal Act imposes a fifteen-year mandatory minimum sentence when a defendant who is convicted of violating § 922(g) has three prior convictions for a "violent felony" committed "on occasions different from one another." 18 U.S.C. § 924(e)(1). To be considered a "violent felony" for purposes of § 924(e), the crime must be "punishable by imprisonment for a term exceeding one year." 18

U.S.C. § 924(e)(2)(B). Additionally, for purposes of § 924(e)(1), "offenses occur on occasions different from one another when each offense 'arose out of a separate and distinct criminal episode.'" *United States v. Leeson*, 453 F.3d 631, 640 (4th Cir. 2006) (internal citation omitted).

The district court sentenced Tucker (consistent with the recommendation of the presentence report (PSR)) as an armed career criminal because it determined that he had at least three prior violent felony convictions. In doing so, the court relied on the four prior violent felony convictions described in the PSR: two convictions for second degree burglary, one conviction for assault and battery of a high and aggravated nature, and one conviction for failure to stop for a blue light.

With regard to the assault and battery conviction, the PSR erroneously indicated that Tucker was convicted of assault and battery of a high and aggravated nature, but it also clearly stated that Tucker was sentenced in the Magistrate Court to thirty days, time served. The Magistrate Court in South Carolina has jurisdiction over "criminal cases in which the punishment does not exceed a fine of one hundred dollars or imprisonment for thirty days." S.C. Code Ann. § 22-3-540. At sentencing, Tucker did not object to the use of this conviction as a predicate offense. However, the government now concedes that this conviction cannot be considered a "violent felony" for purposes of § 924(e)(2)(B).[2]

With regard to the two burglary convictions, the PSR designated both convictions as predicate violent felony convictions committed on occasions different from one another. It recounted that according to an incident report, police officers found Tucker and a juvenile inside a storage unit. An investigation revealed that they had used a hammer to break the pad-

---

[2]However, the government contends that Tucker cannot establish that counsel's failure to object to use of this conviction prejudiced his defense because he still has three remaining predicate convictions.

locks off of four storage units and forced entry into each of the units. Tucker was charged with two counts of second degree burglary. The PSR's descriptions of both charges are identical except for the fact that each charge references a different unit number.

Tucker did not object to the PSR. However, at the sentencing hearing, Tucker's counsel addressed the court regarding whether the two burglary convictions were committed on occasions different from one another for purposes of § 924(e). He suggested that they were and explained,

> There are two break-ins at a mini warehouse that occurred minutes apart. But under the statute they are separate and distinct because they happened at different times even though right together. . . . As I understand it he went into this mini warehouse, popped a lock off of one [unit] and got some stuff, popped a lock off another and got some stuff.

J.A. 75. The court then noted that it expected us to address the issue of what constitutes separate convictions for purposes of § 924(e) in a pending appeal, and it therefore continued the sentencing hearing. However, when the hearing resumed, neither the government nor Tucker raised the issue, and the court sentenced Tucker as an armed career criminal.

Tucker appealed his sentence, challenging his designation as an armed career criminal and arguing that his two convictions for second degree burglary should be treated as one offense.[3] We affirmed, holding that even assuming that the two burglary convictions constitute one offense, Tucker still

[3]Tucker made this argument in his *pro se* supplemental brief. His counsel on appeal filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), identifying no meritorious issues for appeal but asserting that the district court erred in sentencing Tucker as an armed career criminal based on facts not alleged in the indictment nor found by a jury.

has three predicate felony convictions: assault and battery, failure to stop for a blue light, and second degree burglary. *United States v. Tucker*, 200 Fed. App'x 195, 196 (4th Cir. 2006) (unpublished).

Tucker then filed his § 2255 motion, alleging that counsel provided ineffective assistance by failing to object to, and appeal, the use of his misdemeanor assault and battery conviction as a predicate offense. The district court denied Tucker's motion, reasoning that even though the assault and battery conviction cannot serve as a predicate offense, Tucker cannot show that counsel's performance prejudiced his defense because there are still three remaining predicate offenses. In doing so, the court held that the two second-degree burglary convictions occurred on separate and distinct occasions and therefore count as two predicate offenses for purposes of § 924(e). Tucker appeals this ruling, claiming that he has established prejudice because the government has not demonstrated that the two burglary offenses were committed on separate occasions pursuant to § 924(e). We granted a COA as to whether counsel's failure to object amounts to ineffective assistance.[4]

## II.

### A.

In assessing Tucker's ineffective assistance of counsel claim, we first consider whether he has demonstrated that counsel's performance was objectively unreasonable. *Strickland*, 466 U.S. at 688. In doing so, we "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, [Tucker]

---

[4]Tucker states in his opening brief that he does not appeal the use of his conviction for failure to stop for a blue light as a predicate offense. Therefore, we need not decide whether *United States v. Rivers*, 595 F.3d 558 (4th Cir. 2010) impacts this case.

must overcome the presumption that, under the circum-
stances, the challenged action 'might be considered sound
trial strategy.'" *Id.* at 689.

At the time of trial, the information in the PSR was suffi-
cient to alert counsel that Tucker's assault and battery charge
was remanded to Magistrate Court where he pled guilty to the
misdemeanor offense of common law assault and battery.[5]
Even despite the strong presumption that counsel's conduct
was reasonable, Tucker's counsel's failure to object to the use
of this conviction as a predicate violent felony conviction was
objectively unreasonable under prevailing professional stan-
dards.

### B.

We now consider whether the district court erred in holding
that Tucker cannot satisfy the prejudice prong of *Strickland*
based on its ruling that both burglary convictions count as
predicate offenses pursuant to § 924(e). Tucker contends that
the government did not establish the requisite predicate
offenses for purposes of § 924(e) because it failed to produce
proper evidence that the two burglary convictions occurred on
different occasions.

In determining whether offenses occur on separate occa-
sions, we consider the following factors:

> (1) whether the offenses arose in different geo-
> graphic locations; (2) whether the nature of each
> offense was substantively different; (3) whether each
> offense involved different victims; (4) whether each
> offense involved different criminal objectives; and

---

[5]In addition to the PSR, the record contains several documents stating
that the case was remanded to Magistrate Court. Had counsel made further
inquiry into the matter, he would have discovered this information, con-
firming that Tucker pled guilty to a misdemeanor offense.

(5) after the defendant committed the first-in-time offense, did the defendant have the opportunity to make a conscious and knowing decision to engage in the next-in-time offense.

*Leeson*, 453 F.3d at 640 (citing *United States v. Letterlough*, 63 F.3d 332, 335-37 (4th Cir. 1995)). "[I]f any one of the factors has a strong presence, it can dispositively segregate an extended criminal enterprise into a series of separate and distinct episodes." *Letterlough*, 63 F.3d at 336.

Applied to Tucker's burglary convictions, three of the factors indicate that the burglaries were committed on the same occasion. First, the nature of each burglary was substantially the same. Second, we have no information indicating that there were different victims because the record does not establish who owned the four storage units. Third, each offense had the same objective: to burglarize a storage unit. On the other hand, two factors could indicate that the two burglaries occurred on different occasions. First, each storage unit is considered a separate location for purposes of this analysis. *See United States v. Carr*, 592 F.3d 636, 645 (4th Cir. 2010). Additionally, once Tucker broke into one unit, he would have had to make a conscious and knowing decision to then break into another unit. *See id.*[6] However, in order for either of these two factors to establish that the offenses occurred on different occasions, the government must provide appropriate evidence that Tucker *himself* entered at least two storage units.

---

[6]In *Carr*, we held that Carr was properly classified as an armed career criminal because his 13 convictions for breaking into 13 different storage units at the same address were separate and distinct. However, this instant case is distinguishable because (1) there is no evidence in the record suggesting that the four units were owned by more than one individual, and (2) most significantly, Tucker acted with an accomplice, but Carr acted alone. *See id.* at 643 n.5 (distinguishing *United States v. Fuller*, 453 F.3d 274 (5th Cir. 2006)).

In applying § 924(e), a court "is generally limited to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *Shepard v. United States*, 544 U.S. 13, 16 (2005). The only *Shepard*-approved documents in this case are (1) the judgments, which merely indicate that Tucker pled guilty to two separate indictments for second-degree burglary, and (2) the indictments, which are identical and indicate that Tucker acted with an accomplice but provide no information indicating that Tucker *himself* participated in the burglary of more than one storage unit.

South Carolina law holds a person "who joins with another to accomplish an illegal purpose" criminally responsible for any acts of his accomplice in furtherance of a "common design and purpose." *State v. Condrey*, 562 S.E.2d 320, 324 (S.C. Ct. App. 2002). Thus, Tucker, having been present at the crime scene, could have pled guilty to more than one count of burglary based solely on the conduct of his accomplice. *See id.*

Without evidence that the first crime ended before the second crime began, we cannot determine whether Tucker committed the two burglaries sequentially on separate occasions or simultaneously with the aid of his accomplice. *See*, *e.g.*, *Fuller*, 453 F.3d at 279-80 (vacating sentence enhanced under § 924 because the PSR did not indicate that two burglaries occurred sequentially and Fuller may have pled guilty to the charges on the basis of accomplice liability under Texas law); *United States v. Murphy*, 107 F.3d 1199, 1208 (6th Cir. 1997) (vacating sentence because there was no evidence that the defendant had, while in the course of a robbery with accomplices, entered and robbed the second residence of a duplex *himself*).

Here, the district court relied on the PSR's recitation of the facts about the burglaries, but the PSR relied on the police

incident report, which is not allowed under *Shepard*. *See* 544 U.S. at 16. Additionally, the government cannot point to any *Shepard*-approved document to demonstrate that Tucker himself entered more than one unit.[7] Without this, we cannot determine that Tucker committed the offenses at separate locations or that he had the opportunity to make a conscious and knowing decision to commit more than one burglary. Thus, none of the factors indicating that the offenses were committed on separate occasions has been definitively established, and we therefore must regard the two burglary convictions as one offense for purposes of § 924(e). Accordingly, the government has established only two of the three predicate offenses necessary to sentence Tucker as an armed career criminal, and counsel's failure to object to the use of his conviction for assault and battery prejudiced his defense and amounts to ineffective assistance of counsel.

### III.

For the foregoing reasons, we vacate the district court's order below and remand the case with instructions to grant the motion for relief under § 2255 and resentence Tucker.

*VACATED AND REMANDED*

---

[7]The government directs us to defense counsel's statement at the sentencing hearing that Tucker broke into at least two of the storage units himself. Although counsel's statement may have bolstered the assertions in the PSR, the use of such a statement is not authorized by *Shepard*. *See* 544 U.S. at 16.

Additionally, the government's brief observes in a footnote that Tucker's *pro se* supplemental brief recounted that "Tucker and a juvenile went into a mini-warehouse with multiple units. Tucker went into two of the units and the juvenile went into two units. Upon leaving the premises, Tucker and the juvenile [were] arrested." Gov't Brief at 21 n.4 (quoting Supplemental Brief of Appellant at 3-4, *United States v. Tucker*, No. 05-4920, 200 F. App'x 195 (4th Cir. 2006)). However, the government does not argue that this statement can be used under *Shepard*. Further, in this case, we judge the effectiveness of trial counsel at the time of sentencing.