**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4887**

UNITED STATES OF AMERICA,

                 Plaintiff - Appellant,

         v.

LONNIE EDWARD RUSSELL,

                 Defendant - Appellee.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.   Terrence W. Boyle,
District Judge. (5:08-cr-00393-BO-1)

Argued: October 29, 2010           Decided: November 19, 2010

Before TRAXLER, Chief Judge, and DUNCAN and KEENAN, Circuit
Judges.

Vacated and remanded by unpublished per curiam opinion.

**ARGUED:** John Stuart Bruce, OFFICE OF THE UNITED STATES ATTORNEY,
Raleigh, North Carolina, for Appellant.  Debra Carroll Graves,
Stephen Clayton Gordon, OFFICE OF THE FEDERAL PUBLIC DEFENDER,
Raleigh, North Carolina, for Appellee.  **ON BRIEF:** George E. B.
Holding, United States Attorney, Anne M. Hayes, Jennifer P. May-
Parker, Assistant United States Attorneys, OFFICE OF THE UNITED
STATES ATTORNEY, Raleigh, North Carolina, for Appellant.  Thomas
P. McNamara, Federal Public Defender, Eric J. Brignac, Lauren H.
Brenna, Research and Writing Attorneys, OFFICE OF THE FEDERAL
PUBLIC DEFENDER, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lonnie Edward Russell pleaded guilty to possession with intent to distribute cocaine, see 21 U.S.C. § 841(a)(1), and possession of a firearm after having been convicted of a felony, see 18 U.S.C. § 922(g)(1). The presentence report recommended that Russell be sentenced to a mandatory minimum sentence of 15 years under the Armed Career Criminal Act ("ACCA"), see 18 U.S.C. § 924(e), based upon his previous state court convictions for breaking and entering three separate homes. One of the predicate offenses arose out of a crime that occurred on July 6, 1999. The remaining two predicate offenses arose out of crimes that occurred on June 22, 1999.

In August 2009, the district court concluded that the June 22, 1999, offenses were not "committed on occasions different from one another," 18 U.S.C. § 924(e)(1), and declined to apply the ACCA enhancement. In doing so, the district court found that the June 22, 1999, predicate offenses were "coincident break-ins that occurred in sequence on the same day, at or about the same time, in or about the same place." J.A. 69 (emphasis added). The government appealed.

After the district court sentenced Russell, we issued two decisions in similar cases, clarifying the factors that courts must consider in determining whether predicate crimes were "committed on occasions different from one another" for purposes

3

of § 924(e)(1), as well as the government's burden to establish such predicate offenses. See United States v. Carr, 592 F.3d 636 (4th Cir. 2010), cert. denied, ___ U.S. ___, 79 U.S.L.W. 3197 (Oct. 4, 2010); United States v. Tucker, 603 F.3d 260 (4th Cir. 2010). Although no one factor is dispositive, one consideration is whether the prior crimes were committed simultaneously or sequentially. See Carr, 592 F.3d at 642.

In light of the inconsistency in the district court's conclusion and the fact that neither the district court nor the parties had the benefit of our decisions in Carr and Tucker, we vacate the sentence and remand for resentencing under those precedents. If the government can demonstrate, based upon Shepard-approved documents, see Shepard v. United States, 544 U.S. 13, 16 (2005), that the June 22, 1999, convictions were committed on occasions different from one another, then the district court can apply the ACCA enhancement. See United States v. Maroquin-Bran, 587 F.3d 214, 218 (4th Cir. 2009) (vacating and remanding for resentencing where the district

4

court did not have the benefit of "a proper interpretation" by this court of a sentencing enhancement provision).[*]

VACATED AND REMANDED

---

[*] We deny Russell's motion to dismiss the government's appeal. Unlike in the case of United States v. Guevara, 941 F.2d 1299 (4th Cir. 1991), the government explicitly retained its right to appeal in its plea agreement with Russell.