**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4714**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

THOMAS TYRONE NORMAN,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Spartanburg.   Henry M. Herlong, Jr., Senior District Judge.   (7:06-cr-00983-HMH)

Submitted:  September 4, 2009       Decided:  January 24, 2012

Before NIEMEYER, GREGORY, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James B. Loggins, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant.   William N. Nettles, United States Attorney, Maxwell Cauthen, III, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Thomas Tyrone Norman pled guilty to possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1) (2006); possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1) (2006); and possession of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2006). The district court sentenced Norman as an armed career criminal pursuant to 18 U.S.C. § 924(e) (2006), to a total of 274 months' imprisonment. Norman's counsel filed an opening brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that, in his view, there are no meritorious issues for appeal but questioning whether the sentence is reasonable. Norman has filed pro se supplemental briefs raising additional sentencing issues.

After our initial review pursuant to Anders, we directed the parties to file supplemental briefs addressing the adequacy of the district court's explanation for the sentence imposed. Norman asserts that the district court committed procedural sentencing error by failing to explain adequately why it imposed a sentence near the low end of the Guidelines range. The Government argues, however, that the court adequately explained its sentence and that, even if the court procedurally erred, any error is harmless because the record does not suggest

2

that a fuller explanation would have resulted in a different sentence. Having carefully reviewed the record in light of the parties' supplemental briefs, we affirm.

We review a sentence for reasonableness under an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires appellate consideration of both the procedural and substantive reasonableness of a sentence. Id. After determining whether the district court properly calculated the defendant's advisory Guidelines range, we must assess whether the district court considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Id. at 49-50; see United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010) ("[A]n individualized explanation must accompany every sentence."). Finally, if there are no procedural errors, we review the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." United States v. Hargrove, 625 F.3d 170, 183 (4th Cir. 2010) (internal quotation marks omitted), cert. denied, 132 S. Ct. 292 (2011).

Before addressing the adequacy of the district court's explanation for the chosen sentence, we begin with Norman's challenges in his pro se briefs to his designation as an armed career criminal under § 924(e) and as a career offender under

3

U.S. Sentencing Guidelines Manual § 4B1.1 (2006),[1] based upon his prior convictions for failure to stop for a blue light, escape, possession with intent to distribute marijuana, assault and battery of a high and aggravated nature ("ABHAN"), pointing a firearm, and possession with intent to distribute crack cocaine. Norman failed to object to the armed career criminal and career offender classifications in the district court. Thus, our review is for plain error. See United States v. Slade, 631 F.3d 185, 189 (4th Cir.) (discussing standard of review), cert. denied, 131 S. Ct. 2943 (2011).

Norman correctly notes that his convictions for failure to stop for a blue light do not qualify as violent felonies for purposes of § 924(e). See United States v. Rivers, 595 F.3d 558, 560 (4th Cir. 2010) (holding "that under no circumstance is a violation of South Carolina's blue light

---

[1] To qualify as an armed career criminal, Norman must have "three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1); see 18 U.S.C. § 924(e)(2)(B) (defining violent felony). To be designated as a career offender, Norman must have been at least eighteen years old when he committed the instant crimes of violence or controlled substance offenses and have "at least two prior felony convictions of either a crime of violence or a controlled substance offense." USSG § 4B1.1(a); USSG § 4B1.2(a) (defining crime of violence). Because of the "nearly identical . . . language" in § 4B1.2 and § 924(e), "precedents evaluating the [Armed Career Criminal Act ("ACCA")] apply with equal force to [Guidelines section] 4B1.2." United States v. Jenkins, 631 F.3d 680, 683 (4th Cir. 2011) (internal quotation marks omitted).

statute a violent felony under the ACCA"). Norman also asserts that his prior escape conviction is not a violent felony. Applying the modified categorical approach, see United States v. Bethea, 603 F.3d 254, 256-58 (4th Cir. 2010), we conclude that, on the record currently before us, the escape conviction should not have been used as a predicate violent felony to classify Norman as an armed career criminal.

Next, Norman contends that his prior state conviction for possession with intent to distribute marijuana did not qualify as a serious drug offense because he faced a maximum penalty of only five years. See 18 U.S.C. § 924(e)(2)(A)(ii) (defining serious drug offense as a state offense having "a maximum term of imprisonment of ten years or more"). In light of our decision in United States v. Simmons, 649 F.3d 237, 241-47 (4th Cir. 2011) (en banc), we agree that this prior conviction did not qualify as a serious drug offense for purposes of § 924(e).

Although Norman concedes that his prior ABHAN conviction constitutes a violent felony,[2] he contends that his

---

[2] Assuming, without deciding, that we apply the modified categorical approach in determining whether Norman's ABHAN conviction constitutes a violent felony, see United States v. Spence, 661 F.3d 194, 197-200 (4th Cir. 2011) (applying modified categorical approach to ABHAN conviction for purposes of enhancing sentence under 18 U.S.C. § 2252A(b)(2) (2006)), we agree with Norman that his ABHAN conviction is a predicate (Continued)

offense of pointing a firearm did not occur on an occasion different from the ABHAN offense because he was sentenced for those convictions on the same day and, therefore, that those convictions should be counted as a single offense. His claim is foreclosed by our decision in United States v. Samuels, 970 F.2d 1312, 1315 (4th Cir. 1992) (holding that "[n]othing in § 924(e) or the Guidelines suggests that offenses must be tried or sentenced separately in order to be counted as separate predicate offenses"); see United States v. Tucker, 603 F.3d 260, 265 (4th Cir. 2010) (discussing factors courts consider in determining whether offenses are separate and distinct criminal episodes). Because Norman has three qualifying prior convictions (pointing a firearm,[3] ABHAN, and possession with intent to distribute crack cocaine), we conclude that the district court did not err in classifying Norman as an armed career criminal.[4]

---

offense for purposes of § 924(e). The record reflects that Norman shot Eric Bay in the left side of the chest on September 18, 2000. On the same day, Norman pointed a firearm at Katy Bay.

[3] See United States v. Thompson, 891 F.2d 507, 509-10 (4th Cir. 1989) (holding that pointing a firearm qualifies as crime of violence under § 4B1.2).

[4] Even if the conviction for pointing a firearm or ABHAN did not qualify as a predicate violent felony, Norman still would be (Continued)

Norman also claims in his pro se briefs that he should not have received a consecutive sentence for the § 924(c) offense when he faced a fifteen-year mandatory minimum sentence under § 924(e) on the § 922(g) conviction. His claim is foreclosed by the Supreme Court's decision in Abbott v. United States, 131 S. Ct. 18, 23 (2010) (holding "that a defendant is subject to a mandatory, consecutive sentence for a § 924(c) conviction, and is not spared from that sentence by virtue of receiving a higher mandatory minimum on a different count of conviction"). To the extent Norman asserts that he should be resentenced in light of Kimbrough v. United States, 552 U.S. 85 (2007), he is not entitled to relief as his Guidelines range was determined based upon his status as an armed career criminal and a career offender and not by the quantity of crack cocaine involved in the drug distribution offense.

Having concluded that the district court properly classified Norman as an armed career criminal and established a Guidelines range of 262 to 327 months, see USSG § 4B1.1(c)(2) & cmt. n.3, 4B1.1(c)(3), we turn to the issue of whether the district court adequately explained its reasons for imposing a 274-month sentence. By relying on § 3553(a) and arguing "'for a

classified as a career offender, and his Guidelines range would be the same.

7

sentence different than the one ultimately imposed,'" Norman preserved his challenge to the adequacy of the district court's explanation. United States v. Powell, 650 F.3d 388, 395 (4th Cir. 2011) (emphasis omitted) (citing Lynn, 592 F.3d at 578), cert. denied, 132 S. Ct. 350 (2011). Thus, "we review the district court's sentencing procedure for abuse of discretion, and must reverse if we find error, unless . . . the error was harmless." Lynn, 592 F.3d at 581.

Our review of the record leads us to conclude that the district court failed to place on the record an individualized assessment of the § 3553(a) factors relating to Norman.[5] See id. at 584 ("[T]he court must offer some 'individualized assessment' justifying the sentence imposed and rejection of arguments for a higher or lower sentence based upon § 3553.") (quoting Gall, 552 U.S. at 50). Although the district court procedurally erred, the Government has demonstrated that the error is harmless. See Lynn, 592 F.3d at 585. The district court indicated that it had considered the relevant § 3553 factors in light of the arguments and evidence presented at sentencing. The arguments for a lower sentence advanced by Norman were less than compelling in light of his admission that he had lied to the court at the plea

_____

[5] We note, however, that the district court did not have the benefit of Gall, Lynn, and their progeny when it sentenced Norman.

8

hearing and his long criminal history and violations of bond, which the Government explained impacted its decision not to move for a downward departure based upon substantial assistance. Thus, taking the record as a whole, we conclude that the district court's procedural error is harmless. See United States v. Boulware, 604 F.3d 832, 840 (4th Cir. 2010) (stating that, where record suggests district court considered arguments for lower sentence and weakness of defendant's arguments, "the notion that having to explain its analysis further might have changed the district court's mind . . . is simply unrealistic . . . , and remand for resentencing would be a pointless waste of resources").

Finally, with regard to the substantive reasonableness of Norman's sentence, we presume that a sentence imposed within the properly calculated Guidelines range is reasonable. Rita v. United States, 551 U.S. 338, 347 (2007). Norman has failed to rebut that presumption. Thus, his sentence is substantively reasonable.

In accordance with Anders, we have reviewed the entire record in this case and have found no other potentially meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform his client, in writing, of the right to petition the Supreme Court of the United States for further review. If the client requests

9

that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED