**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4200**

UNITED STATES OF AMERICA,

               Plaintiff – Appellee,

     v.

KELVIN DWAIN VANHOOK, JR.,

               Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.   Leonie M. Brinkema, District Judge.  (1:11-cr-00512-LMB-1)

Submitted:  September 21, 2012        Decided:  October 11, 2012

Before GREGORY, DUNCAN, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Kevin R. Brehm, Assistant Federal Public Defender, Alexandria, Virginia, for Appellant.   Neil H. MacBride, United States Attorney, Kara Martin Traster, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kelvin Dwain Vanhook, Jr. was convicted by a jury of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2006). He was sentenced to 180 months' imprisonment under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e) (2006), based on prior convictions for distribution of cocaine. Vanhook appeals, arguing that the district court erred in sentencing him as an armed career criminal. We affirm.

We consider de novo questions of statutory interpretation involving the application of the ACCA enhancement. United States v. Carr, 592 F.3d 636, 639 n.4 (4th Cir.), cert. denied, 131 S. Ct. 82 (2010). A defendant is properly classified as an armed career criminal if he violates 18 U.S.C. § 922(g) and has at least three previous convictions for violent felonies or serious drug offenses "committed on occasions different from one another." 18 U.S.C. § 924(e)(1).

Under the Sixth Amendment, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi v. New Jersey, 530 U.S. 466, 490 (2000); see United States v. Cheek, 415 F.3d 349, 354 (4th Cir. 2005). A sentencing judge "cannot resolve a 'disputed fact . . . about a prior

2

conviction,' if doing so requires data that was not inherent in that prior conviction." United States v. Boykin, 669 F.3d 467, 470-71 (4th Cir. 2012) (quoting Shepard v. United States, 544 U.S. 13, 25 (2005)). However, "some facts are so inherent in a conviction that they need not be found by a jury." United States v. Thompson, 421 F.3d 278, 282 (4th Cir. 2005). Thus, a court may consider such inherent facts, including the "date [of conviction], statutory violation, and the like[,] where [they are] properly established by one of the sources approved in Shepard." Id.; see Boykin, 669 F.3d at 470-71.

Vanhook argues that a jury is required to determine whether a defendant's prior offenses occurred on different occasions. However, we have previously concluded that a sentencing judge may undertake the ACCA's "separateness" inquiry by reference to Shepard-approved sources. See Boykin, 669 F.3d at 471; Thompson, 421 F.3d at 285-86.

Vanhook also contends that the Government failed to prove that his convictions for distributing cocaine on September 3, 16, and 22, 2003, should be treated as occurring on different occasions under the ACCA. Offenses occur "on different occasions when they arise out of a separate and distinct criminal episode." Boykin, 669 F.3d at 470 (internal quotation marks and emphasis omitted). Thus, the ACCA includes as different occasions "only those predicate offenses that can be

3

isolated with a beginning and an end—ones that constitute an occurrence unto themselves." United States v. Letterlough, 63 F.3d 332, 335 (4th Cir. 1995). In determining whether prior convictions were separate occasions, we consider

> (1) whether the offenses arose in different geographic locations; (2) whether the nature of each offense was substantively different; (3) whether each offense involved different victims; (4) whether each offense involved different criminal objectives; and (5) whether the defendant had the opportunity after committing the first-in-time offense to make a conscious and knowing decision to engage in the next-in-time offense.

Carr, 592 F.3d at 644. "We can consider these factors together or independently, and 'if any one of the factors has a strong presence, it can dispositively segregate an extended criminal enterprise into a series of separate and distinct episodes.'" Id. (quoting Letterlough, 63 F.3d at 336).

Here, the Shepard-approved record establishes that Vanhook himself dealt cocaine on three different days separated by approximately one to two weeks. Even assuming, as Vanhook asserts, that the Government bears the burden of establishing each of the Carr factors, we conclude without difficulty that the district court properly treated Vanhook's offenses as occurring on different occasions, and thus proper ACCA predicates. See Letterlough, 63 F.3d at 337; cf. United States v. Tucker, 603 F.3d 260, 265-66 (4th Cir. 2010) (concluding that burglary convictions did not occur on different

4

occasions under the ACCA because the Government could not establish any <u>Carr</u> factor in the absence of evidence that Tucker himself participated in multiple burglaries).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>