**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 13-4381**

───────────

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

THOMAS TYRONE NORMAN,

               Defendant - Appellant.

───────────

Appeal from the United States District Court for the District of South Carolina, at Spartanburg. Henry M. Herlong, Jr., Senior District Judge. (7:06-cr-00983-HMH-1)

───────────

Submitted: September 24, 2013     Decided: October 1, 2013

───────────

Before NIEMEYER, GREGORY, and DUNCAN, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Benjamin T. Stepp, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant. Maxwell B. Cauthen, III, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Thomas Tyrone Norman appeals his 262-month-sentence imposed after the district court granted Norman's 28 U.S.C.A. § 2255 (West Supp. 2013) motion and vacated Norman's original sentence.[1] Norman's counsel filed a brief pursuant to Anders, stating there are no meritorious grounds for appeal, but questioning whether the district court abused its discretion when it denied Norman's motion to withdraw his guilty plea to Counts Two and Three, and whether Norman's 262-month sentence is reasonable. Norman has filed a pro se supplemental brief, challenging his career offender classification and asserting that his sentence is unlawful under Alleyne v. United States, 133 S. Ct. 2151 (2013), and Descamps v. United States, 133 S. Ct. 2276 (2013). The Government has declined to file a responsive brief. Finding no error, we affirm.

We discern no error in the district court's decision to deny Norman's motion to withdraw his guilty plea to Counts

---

[1] Norman pled guilty pursuant to a plea agreement to one count each of possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1) (2006); possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2006) (Count Two); and possession of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2006) (Count Three), and was originally sentenced to 274 months in prison. This Court affirmed the district court's judgment after a review pursuant to Anders v. California, 386 U.S. 738 (1967). See United States v. Norman, 462 F. App'x 307 (4th Cir. 2012) (No. 07-4714) (unpublished).

2

Two and Three.  We review a district court's denial of a motion to withdraw a guilty plea for abuse of discretion.  <u>United States v. Ubakanma</u>, 215 F.3d 421, 424 (4th Cir. 2000).  "A defendant has no absolute right to withdraw a guilty plea[.]" <u>United States v. Bowman</u>, 348 F.3d 408, 413 (4th Cir. 2003) (internal quotation marks omitted).  Instead, the defendant bears the burden of showing a "fair and just reason" for withdrawing his guilty plea.  Fed. R. Crim. P. 11(d)(2)(B); <u>United States v. Battle</u>, 499 F.3d 315, 319 (4th Cir. 2007).

As we have explained, several factors—including the adequacy of the Fed. R. Crim. P. 11 hearing, a defendant's credible assertions of legal innocence, and the timeliness of the motion—should inform a district court's determination whether to allow a defendant to withdraw a guilty plea.  <u>See United States v. Moore</u>, 931 F.2d 245, 248 (4th Cir. 1991). While all the factors noted in <u>Moore</u> should be considered, the key to determining whether a motion to withdraw should be granted is whether the Rule 11 hearing was properly conducted. <u>Bowman</u>, 348 F.3d at 414.

We reviewed the adequacy of Norman's Rule 11 hearing in accordance with our <u>Anders</u> obligations and identified no error in the plea colloquy.  <u>See Norman</u>, 462 F. App'x at 311. Moreover, although Norman stated at his resentencing that he never wanted to plead guilty to Counts Two and Three, he offered

3

no credible reason why he was innocent of those counts. Last, Norman's motion to withdraw his guilty plea was made more than six years after he entered his guilty plea and after: (1) his initial sentencing; (2) his convictions were affirmed by this court; and (3) his sentence was vacated because of his successful § 2255 motion. Given its untimeliness, see Moore, 931 F.2d at 248 (noting that a six-week delay between guilty plea and notice of intent to withdraw guilty plea was a long delay), we conclude that the district court did not abuse its discretion when it denied Norman's motion to withdraw his guilty plea to Counts Two and Three.

We also find no error in the district court's imposition of a 262-month sentence. We review a sentence for reasonableness. Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires us to ensure that the district court committed no significant procedural error. United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008). Procedural errors include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.A.] § 3553(a) [(West 2000 & Supp. 2013)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." Gall, 552 U.S. at 51.

4

"[I]f a party repeats on appeal a claim of procedural sentencing error . . . which it has made before the district court, we review for abuse of discretion" and will reverse unless we can conclude "that the error was harmless." United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010). For instance, if "an aggrieved party sufficiently alerts the district court of its responsibility to render an individualized explanation" by drawing arguments from § 3553 "for a sentence different than the one ultimately imposed," the party sufficiently "preserves its claim." Id. at 578. However, we review unpreserved non-structural sentencing errors for plain error. Id. at 576-77.

If, and only if, we find the sentence procedurally reasonable can we consider the substantive reasonableness of the sentence imposed. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). We presume on appeal that a sentence within a properly calculated Guidelines range is reasonable. See United States v. Mendoza-Mendoza, 597 F.3d 212, 217 (4th Cir. 2010).

We discern no error in the district court's Guidelines range calculation. Moreover, the record establishes that the district court afforded counsel an adequate opportunity to argue regarding an appropriate sentence under the § 3553(a) factors, during which time defense counsel sought a sentence below Norman's Guidelines range. The district court then properly

5

afforded Norman an opportunity to allocute, and ultimately sentenced Norman to 262 months in prison. Given the rationale for Norman's sentence provided by the district court and its explicit reliance on the § 3553(a) factors, we conclude that the district court's explanation for Norman's sentence allows for sufficient appellate review and is procedurally reasonable.[2] See Carter, 564 F.3d at 328. Having discerned no procedural sentencing error, we presume on appeal that Norman's within-Guidelines sentence is reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007). Neither counsel nor Norman offer any ground upon which to question the substantive reasonableness of Norman's sentence and we discern none.

Accordingly, we affirm the district court's amended judgment. This court requires that counsel inform Norman, in writing, of his right to petition the Supreme Court of the United States for further review. If Norman requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may then move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Norman. We dispense with oral

---

[2] We have considered the issues raised in Norman's pro se supplemental brief and find them to be without merit. See Descamps, 133 S. Ct. at 2286; Alleyne, 133 S. Ct. at 2160 n.1; United States v. Simmons, 649 F.3d 237, 240-41 (4th Cir. 2011) (en banc).

argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED