**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4385**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARION QUINTON BREWSTER,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Max O. Cogburn, Jr., District Judge. (3:16-cr-00220-MOC-DSC-1)

Submitted: February 16, 2018                    Decided: March 1, 2018

Before THACKER and HARRIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Anthony Martinez, Federal Public Defender, Joshua B. Carpenter, Appellate Chief, FEDERAL DEFENDERS OF WESTERN DISTRICT OF NORTH CAROLINA, Asheville, North Carolina, for Appellant. R. Andrew Murray, United States Attorney, Amy E. Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marion Quinton Brewster pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g) (2012). The district court imposed a sentencing enhancement under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e) (2012), after concluding, over Brewster's objection, that Brewster had three prior convictions for a violent felony that were "committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The court sentenced Brewster to the ACCA's statutory mandatory minimum of 15 years' imprisonment. Brewster appeals, challenging the district court's conclusion that two of his ACCA predicate offenses were committed on different occasions. For the reasons that follow, we affirm.

We review de novo the district court's determination that Brewster committed his predicate offenses on different occasions, but "review for clear error the district court's factual findings made incident to this ultimate ruling." *United States v. Linney*, 819 F.3d 747, 751 (4th Cir. 2016). We will find clear error only if "on the entire evidence, [we are] left with the definite and firm conviction that a mistake has been committed." *United States v. Span*, 789 F.3d 320, 325 (4th Cir. 2015) (internal quotation marks omitted). Such error occurs when the court's "factual determinations are not supported by substantial evidence" or "are against the clear weight of the evidence considered as a whole." *Id.* (internal quotation marks omitted). The Government bears the burden to establish by a preponderance of the evidence that Brewster's prior offenses were committed on separate occasions. *United States v. Archie*, 771 F.3d 217, 223 (4th Cir. 2014).

2

For ACCA purposes, "offenses occur on occasions different from one another when each offense arose out of a separate and distinct criminal episode." *United States v. Tucker*, 603 F.3d 260, 263 (4th Cir. 2010) (internal quotation marks omitted). "[E]ach predicate offense must have a beginning and an end, such that they each constitute an occurrence unto themselves." *Linney*, 819 F.3d at 751 (internal quotation marks omitted). However, offenses that were "committed on the same day, or even in the span of a few hours may nevertheless be considered separate and distinct criminal episodes if they do not arise from a continuous course of criminal conduct." *Span*, 789 F.3d at 327-28 (internal quotation marks omitted).

> To determine whether offenses occurred on different occasions, we consider:
>
> (1) whether the offenses arose in different geographic locations; (2) whether the nature of each offense was substantively different; (3) whether each offense involved different victims; (4) whether each offense involved different criminal objectives; and (5) whether the defendant had the opportunity after committing the first-in-time offense to make a conscious and knowing decision to engage in the next-in-time offense.

*United States v. Carr*, 592 F.3d 636, 644 (4th Cir. 2010); *see United States v. Letterlough*, 63 F.3d 332, 335-36 (4th Cir. 1995). "We can consider these factors together or independently, and if any one of the factors has a strong presence, it can dispositively segregate an extended criminal enterprise into a series of separate and distinct episodes." *United States v. Boykin*, 669 F.3d 467, 470 (4th Cir. 2012) (internal quotation marks omitted).

Courts may rely only on sources approved under *Shepard v. United States*, 544 U.S. 13 (2005)—such as the indictment and judgment of conviction—to determine

3

whether prior offenses were committed on separate occasions. *Boykin*, 669 F.3d at 470-71. On several occasions, we have "declined to sanction application of the ACCA enhancement where the Government has failed to definitively establish any of the *Letterlough* factors indicating that the predicate offenses were committed on different occasions." *Span*, 789 F.3d at 328 (alteration and internal quotation marks omitted).

Brewster argues that his prior armed robbery and carjacking convictions should be treated as occurring on a single occasion. The parties agree that these offenses occurred on the same day but were prosecuted in different South Carolina counties and involved different named victims. Observing that the *Shepard*-approved sources in the record do not identify the time or location that the offenses took place or indicate their timing in relation to one another, Brewster contends that the approved sources fail to definitively establish that the offenses occurred on separate occasions.

Our review of the record supports the district court's contrary conclusion. The fact that the offenses were prosecuted in different counties provides substantial evidence to support the district court's finding that the offenses occurred in separate geographical locations. Further, the facts that the offenses involved different locations and victims provides substantial evidence to support a finding that the gap between these locations, even if limited, provided a sufficient opportunity after the first-in-time offense to make a conscious decision to engage in the second-in-time offense.

Brewster observes that the offenses took place in adjacent counties traversing the populous Columbia, South Carolina, metropolitan area. Brewster relies heavily on a hypothetical circumstance in which the same robber could commit an armed robbery and

4

carjacking at neighboring businesses on opposite sides of the county line. Even accepting Brewster's hypothetical, however, the two offenses would constitute separate occurrences under our prior authority. As we have previously recognized, even a limited temporal or geographical gap between offenses is generally sufficient to render them separate occurrences. *See Linney*, 819 F.3d at 752 (burglaries of houses 30 feet apart); *Carr*, 592 F.3d at 645 (breaking or entering 13 storage units at single address). Although Brewster attempts to distinguish *Carr* based on the absence of victims at the time of its underlying breaking or entering offenses, we find his argument unpersuasive. Further, any conceivable scenario in which Brewster could have committed his robbery and carjacking offenses against different victims and in different counties simultaneously is simply too implausible to render the district court's fact-finding clearly erroneous. *Accord Linney*, 819 F.3d at 754 (holding that district court did not clearly err in relying on indictments and judgments, which made no reference to codefendants, to find that defendant committed prior offenses alone, as Government is not required to "prov[e] a negative").

Brewster analogizes to *Span*, *Tucker*, and *Boykin* to argue that the absence of additional facts in *Shepard*-approved documents prevented the Government from definitively establishing the *Letterlough* factors. However, we find these authorities readily distinguishable. In *Boykin*, the only relevant information that could be ascertained from *Shepard*-approved sources was the shared date of the defendant's predicate felonies, which—unlike the facts contained in Brewster's approved sources—is wholly insufficient to inform the *Letterlough* analysis. 669 F.3d at 472. In *Tucker* and *Span*, we were unable to determine whether two offenses occurred simultaneously or

5

sequentially because the defendant operated with an accomplice, and thus could have been convicted as a principal for two offenses committed at the same time. *Span*, 789 F.3d at 329-30; *Tucker*, 603 F.3d at 265-66. Brewster has not argued, and the record contains no basis to conclude, that Brewster acted with an accomplice in committing his predicate armed robbery and carjacking offenses. The out-of-circuit authority Brewster cites is similarly distinguishable on this basis.

Ultimately, we conclude that the district court did not clearly err in determining, based on Brewster's convictions in separate counties for offenses involving separate victims, that his prior offenses occurred in different geographical locations. And contrary to Brewster's assertion, under *Carr* and *Linney*, those facts also support a finding that he had an opportunity to make a conscious and knowing decision to engage in the second-in-time offense, regardless of which offense occurred first in time. In view of the totality of the *Letterlough* factors, we find no error in the district court's conclusion that the offenses occurred on separate occasions.

Accordingly, we affirm Brewster's criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*