**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

No. 20-4057

─────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KIMJUAN DWAYNE ELLIS, JR.,

Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:19-cr-00011-D-1)

─────────────

Submitted:  May 9, 2022                                            Decided:  June 14, 2022

─────────────

Before MOTZ and HARRIS, Circuit Judges, and TRAXLER, Senior Circuit Judge.

─────────────

Vacated and remanded by unpublished per curiam opinion.

─────────────

**ON BRIEF:** G. Alan DuBois, Federal Public Defender, Eric Joseph Brignac, Chief Appellate Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Tobin W. Lathan, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kimjuan Dwayne Ellis, Jr., appeals the 234-month sentence imposed following his guilty plea to possessing ammunition as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). On appeal, he challenges his designation as an armed career criminal under the Armed Career Criminal Act, 18 U.S.C. § 924(e) (ACCA), in two respects, arguing that the district court (1) violated his Sixth Amendment rights by finding facts that were not inherent in the elements of his prior convictions without a jury, and (2) erred by finding that three of Ellis' predicate offenses were committed on different occasions, as required to support sentencing under the ACCA. Because we conclude that Ellis' sentence should be vacated on the second ground, we decline to address his Sixth Amendment argument.

We must first decide the appropriate standard of review. The Government argues that plain error review should apply because Ellis raises his arguments for the first time on appeal. We disagree. Although the exact contours of his argument differ slightly on appeal, Ellis adequately notified the district court of his argument that the predicate offenses were not committed on different occasions, and the district court fully considered that argument. Accordingly, we review de novo the legal question of whether the prior offenses occurred on different occasions and review the district court's factual findings for clear error. *United States v. Span*, 789 F.3d 320, 325 (4th Cir. 2015). The Government bears the burden of proving the offenses occurred on separate occasions by a preponderance of the evidence. *Id*. at 324.

"A defendant who has violated 18 U.S.C. § 922(g) qualifies for an enhanced sentence under the ACCA if the defendant has three previous convictions for a violent

2

felony . . . and those offenses were committed on occasions different from one another." *Id.* (internal quotation marks omitted). As the Supreme Court has recently clarified, the inquiry into whether offenses were committed on different occasions involves a "straightforward and intuitive" but "multi-factored" test that requires the district court to consider whether the offenses were "committed close in time, in an uninterrupted course of conduct"; whether the offenses occurred in physical proximity to one another; and "the character and relationship of the offenses," including how "similar or intertwined the conduct giving rise to the offenses" was, or whether "they share[d] a common scheme or purpose." *Wooden v. United States*, 142 S. Ct. 1063, 1070-71 (2022). However, "[i]n many cases, a single factor—especially of time or place—can decisively differentiate occasions." *Id.* at 1071.

Our review of the record leads us to conclude that the district court erred in finding that the three December 1 robberies were committed on different occasions. The district court correctly found that each robbery involved a separate victim at a separate geographical location, which weighs in favor of finding that the robberies occurred on distinct occasions for the purposes of the ACCA. *See id.* However, the state court documents do not indicate whether the offenses were "committed close in time" to one another or, instead, were "separated by substantial gaps in time or significant intervening events." *Id.* Moreover, the state court records appear to show that each robbery was of a similar nature and involved a similar criminal objective, which weighs against finding that the robberies were distinct occurrences. *Id.*

3

Moreover, as we have previously recognized, the presence of accomplices complicates this analysis. In *United States v. Tucker*, 603 F.3d 260, 266 (4th Cir. 2010), we explained that because South Carolina law holds accomplices criminally responsible for each other's acts, we could not determine whether the defendant committed the two potential predicate offenses "sequentially on separate occasions or simultaneously with the aid of his accomplice." Similarly, in *Span*, we could not conclude that the defendant's predicate robberies were committed on separate occasions in part because it was "entirely plausible" that Span could have robbed one location while an accomplice robbed the other. *Span*, 789 F.3d at 330.

The same is true here. All three indictments for Ellis' prior convictions specifically reference the same three coconspirators by name, which is affirmative evidence that Ellis had accomplices for the crimes in question. *Cf. United States v. Linney*, 819 F.3d 747, 753 (4th Cir. 2016) (holding defendant's multiple offenses were one "occurrence" because he "was charged alone and convicted alone" and relevant state court documents did not suggest he had an accomplice on night in question). And the record does not reveal whether Ellis committed his crimes sequentially or committed them simultaneously with the aid of accomplices.

In light of all of these factors, we conclude that the district court erred by finding that these crimes were committed on different occasions for purposes of the ACCA. We therefore vacate the judgment and remand this case for resentencing. We deny Ellis' motion to file a supplemental brief and dispense with oral argument because the facts and

4

legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*