**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 21-4627**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

WILLIE LUMARRIS BAXTER,

        Defendant - Appellant.

---

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, District Judge.  (3:20-cr-00308-FDW-DSC-1)

---

Submitted:  October 28, 2022              Decided:  November 7, 2022

---

Before NIEMEYER and HARRIS, Circuit Judges, and MOTZ, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

**ON BRIEF:** Joseph L. Ledford, JOSEPH L. LEDFORD, ATTORNEY AT LAW, Charlotte, North Carolina, for Appellant.  Dena J. King, United States Attorney, Amy E. Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Willie Lumarris Baxter pleaded guilty, pursuant to a written plea agreement, to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(e)(1). At sentencing, Baxter objected to his classification as an armed career offender under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). The district court overruled Baxter's objection and sentenced him to the statutory minimum ACCA sentence of 180 months' imprisonment. On appeal, Baxter challenges the district court's determination that his conviction in 2010 for five counts of possession with intent to distribute cocaine base counted as separate ACCA predicates because the offenses were committed on separate occasions from one another. We affirm.

We review de novo the district court's determination that a defendant committed ACCA predicate offenses on different occasions, but "review for clear error the district court's factual findings made incident to this ultimate ruling." *United States v. Linney*, 819 F.3d 747, 751 (4th Cir. 2016). The Government bears the burden to establish by a preponderance of the evidence that prior offenses were committed on separate occasions. *Id.* We may find clear error only if "on the entire evidence, [we are] left with the definite and firm conviction that a mistake has been committed." *United States v. Span*, 789 F.3d 320, 325 (4th Cir. 2015) (internal quotation marks omitted). Such error occurs when the court's "factual determinations are not supported by substantial evidence" or "are against the clear weight of the evidence considered as a whole." *Id.* (internal quotation marks omitted).

2

A defendant convicted of violating § 922(g)(1) is subject to an enhanced, 15-year mandatory minimum sentence if he has three prior convictions for serious drug offenses that were "committed on occasions different from one another." 18 U.S.C. § 924(e)(1). For ACCA purposes, "offenses occur on occasions different from one another when each offense arose out of a separate and distinct criminal episode." *United States v. Tucker*, 603 F.3d 260, 263 (4th Cir. 2010) (internal quotation marks omitted). "That is, each predicate offense must have a beginning and an end, such that they each constitute an occurrence unto themselves." *Linney*, 819 F.3d at 751 (internal quotation marks omitted). Simply put, offenses occur on different occasions when they involve a separate "event, occurrence, happening, or episode." *Wooden v. United States*, 142 S. Ct. 1063, 1069 (2022).

To determine whether offenses occurred on different occasions, we consider (1) whether the offenses were "committed close in time, in an uninterrupted course of conduct," or whether they were "separated by substantial gaps in time or significant intervening events"; (2) whether the offenses occurred in physical proximity to one another; and (3) "the character and relationship of the offenses"—whether "they share a common scheme or purpose" or are otherwise intertwined or similar. *Id.* at 1071; *see also United States v. Carr*, 592 F.3d 636, 644 (4th Cir. 2010) (enumerating similar factors); *United States v. Letterlough*, 63 F.3d 332, 335-37 (4th Cir. 1995). "In many cases, a single factor—especially of time or place—can decisively differentiate occasions." *Wooden*, 142 S. Ct. at 1071. Courts "have nearly always treated offenses as occurring on separate occasions if a person committed them a day or more apart, or at a significant distance." *Id.* (internal quotation marks omitted).

3

We conclude that the district court did not err in finding that each of Baxter's 2010 counts of possession with intent to distribute cocaine base constituted a separate predicate offense. In this case, the fact that Baxter's drug sales were separated by substantial, weeks-long gaps in time is outcome determinative. Baxter had ample opportunity to consciously and knowingly decide that he wanted to engage in another sale of cocaine base on each occasion. Simply put, each sale matches the ordinary definition of an individual "occasion." *See id.* at 1069.

Accordingly, we affirm Baxter's criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*